

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-82,901-01

**EX PARTE RYAN GARCIA, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 1285698R IN THE CRIMINAL DISTRICT COURT NO. 2
## FROM TARRANT COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to one count of aggravated robbery, and was apparently sentenced to two concurrent twenty-year sentences for two paragraphs of the same indictment.

Applicant contends that he was denied his right to appeal, because he heard nothing further from trial counsel after the filing of a motion for new trial. We remanded this application to the trial court for findings of fact and conclusions of law.

The trial court has determined that trial counsel was aware that Applicant wanted to appeal, and that Applicant advised him that he was seeking new counsel for appeal. Applicant apparently never secured appellate counsel, and although trial counsel filed a motion for new trial on Applicant's behalf, he failed to timely file a notice of appeal or withdraw from the representation so that appellate counsel could be appointed.

We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 1285698R from the Criminal District Court No. 2 of Tarrant County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: October 14, 2015
Do not publish